```
         FILED    ___ LODGED        ✓ FILED    ___ LODGED
  ___ RECEIVED ___ COPY          ___ RECEIVED ___ COPY

         APR 1 8 2019                  OCT 1 6 2019
    CLERK U S DISTRICT COURT      CLERK U S DISTRICT COURT
       DISTRICT OF ARIZONA           DISTRICT OF ARIZONA
    BY_____DEPUTY     BY_____DEPUTY
```

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

TODD M. ALLISON
Arizona State Bar No. 026936
DAVID A. PIMSNER
Arizona State Bar No. 007480
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Todd.Allison@usdoj.gov
Email: David.Pimsner@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-01366-PHX-DJH(MHB) |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Tao Li,<br>a.k.a. Michael Wilson,<br>a.k.a. Richard Lee, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Tao Li, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count One of the Indictment charging the defendant with a violation of Title 50, United States Code (U.S.C.), Section 1705(a) and (c); and Title 15, Code of Federal Regulations (C.F.R.), Sections 742.4, 764.2, and 774 Supp. No. 1; Conspiracy to Export Items Without a License in Violation of the International Emergency Economic Powers Act, a Class C felony offense.

2. **MAXIMUM PENALTIES**

a.   A violation of 50 U.S.C. § 1705(a) and (c); and 15 C.F.R. §§ 742.4, 764.2, and 774 Supp. No. 1 is punishable by a maximum fine of $1,000,000.00, a maximum term

of imprisonment of 20 years, or both, and a term of supervised release of up to 3 years. A maximum term of probation is five years.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that defendant has discussed this eventuality with defendant's attorney. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any

immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

**3. AGREEMENTS REGARDING SENTENCING**

a. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b)

b. <u>Recommendation Regarding the Defendant's Sentence</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that defendant's sentence shall not exceed the low end of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This recommended sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). This recommendation does not preclude defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

c. <u>Non-Binding Recommendations</u>. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d. <u>Stipulation: Base Offense Level Calculation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's base offense level is a level 26, based on U.S.S.G. § 2M5.1(a)(1)(A), as the defendant's offense involved the evasion, or intended evasion, of national security controls or controls relating to the proliferation of nuclear, biological, or chemical weapons or materials.

e. <u>Assets and Financial Responsibility</u>. The defendant shall make a full

accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Count 2 of the Indictment.

b.     This Office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States (as detailed in the discovery provided by the United States to the defendant during this case and Bates labeled LI00001-LI00420), in connection with the charges in the Indictment.

c.     Additionally, the U.S. Attorney's Office for the Central District of California agrees to forego prosecuting the defendant for any charges related to his attempts between June 2016 and March 2017 to illegally purchase and export TriQuint radiation-hardened power amplifiers, bearing part number TGA2573-2, and Intersil radiation-hardened supervisory circuits, bearing part number ISL705ARHQF. The March 18, 2019 letter from the U.S. Attorney's Office for the Central District of California attached as Exhibit A to this Plea Agreement is incorporated herein by reference.

    d.    This office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States (as detailed in the discovery provided by the United States to the defendant during this case), in connection with the charges in the Indictment.

    e.    Other than the restrictions outlined in Paragraphs 4(b) and 4(c) above, this agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

    a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

    b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.**    **WAIVER OF DEFENSES AND APPEAL RIGHTS**

    The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the

manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

　　　a.     The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

　　　b.     Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

　　　c.     The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

　　　　　(1)     criminal convictions, history of drug abuse, and mental illness; and

　　　　　(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

　　　Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of

returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Conspiracy to Export Items Without a License in Violation of the International Emergency Economic Powers Act**

To prove the crime of Conspiracy to Export Items Without a License in Violation of the International Emergency Economic Powers Act, the Government must prove the following elements beyond a reasonable doubt:

1. Beginning on or about December 12, 2016, and continuing until on or about January 30, 2018, in the District of Arizona and elsewhere, there was an agreement between two or more persons to commit the crime of exporting items from the United States without a license in violation of the International Emergency Economic Powers Act, 50 U.S.C. § 1701, *et seq.*;

2. The defendant became a member of the conspiracy knowing that one of its objects was to commit the crime of exporting items from the United States without a license in violation of the International Emergency Economic Powers Act.

The elements of exporting items from the United States without a license in violation of the International Emergency Economic Powers Act are as follows:

1. The defendant exported, attempted to export, or caused to be exported items from the United States,

2. The items the defendant exported, attempted to export, or caused to be exported were controlled for export on the Commerce Control List and required an export license for the destination country,

3. The defendant failed to obtain a license or other authorization from the Department of Commerce prior to exporting the items, and

4.  The defendant did so knowingly and willfully.

10. **FACTUAL BASIS**

a.  The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Beginning on or about December 12, 2016, and continuing until on or about January 30, 2018, I, Tao Li, conspired with other individuals who resided in the People's Republic of China (hereafter, "China"), to purchase TriQuint radiation-hardened power amplifiers, bearing part number TGA2573-2 (hereafter, the "TriQuint Part"), and Intersil radiation-hardened supervisory circuits, bearing part number ISL705ARHVF (hereafter, the "Intersil Part"), from the United States and export the items to China, without obtaining the required export license from the United States Department of Commerce.

Prior to December 12, 2016, I agreed with other individuals in China to locate multiple units of the TriQuint Part and the Intersil Part in the United States, purchase those units, and export them to China. During the conspiracy, I knew that the TriQuint Part and the Intersil Part could not be exported from the United States to China without an export license issued by the Department of Commerce. At no time between December 12, 2016, and January 30, 2018, did I, or any of my coconspirators, obtain an export license or other authorization from the Department of Commerce.

On or about December 12, 2016, using the name "Michael Wilson," I started to communicate via email with an individual in Arizona, who I later learned was an undercover law enforcement agent with the Department of Defense (the "DCIS UC"), about obtaining multiple units of the TriQuint Part and the Intersil Part. During my email communications with the DCIS UC, we discussed quantities and prices of the TriQuint Part and the Intersil Part and how the DCIS UC could export the parts to China. I advised the DCIS UC on multiple occasions that I had to consult my coconspirators in China before agreeing to a final order.

I also discussed with the DCIS UC on multiple occasions that an export license from the Department of Commerce was required to export the TriQuint Part and Intersil Part from the United States to China. We discussed how the parts could be smuggled from the United States to China, without obtaining the required export license. For example, on December 15, 2016, I emailed the DCIS UC the following: "As you know, these products are controlled by US government. It need export license to sell out of the U.S.A.,

especially controlled to China. So even if I sent end-uer[sic] information to you, it is impossible to apply for export license successful. So I suggestion[sic] that you can find an end-user and offer the end-user's information to apply for export license. On the other hand, no matter if you apply for export license or not, if you have a method to get the product and shipping to Hong Kong, it is okay."

Prior to April 26, 2017, I continued to update my coconspirators in China as to my discussions with the DCIS UC. On or around April 26, 2017, my coconspirators authorized me to finalize a transaction for the parts with the DCIS UC. On or about April 26, 2017, I emailed the DCIS UC a purchase order for 25 units of the TriQuint Part and 30 units of the Intersil Part. I signed the purchase order as "Richard Lee." Pursuant to the purchase order, I agreed to pay the DCIS UC $19,205.75 for the parts. The total amount included a 10% "risk fee" in the amount of $1,921.00. I agreed to pay the "risk fee" if the DCIS UC agreed to ship the parts out of the United States without the required export license.

On May 5, 2017, I caused $5,742.00 to be sent via wire transfer from China to the DCIS UC's bank account in Arizona as a partial payment for my order of the multiple units of the TriQuint Part and Intersil Part.

On or about October 2, 2017, using the name "Richard Lee," I contacted two other individuals in Arizona, who I later learned were undercover law enforcement agents with Homeland Security Investigations (the "HSI UCs"). I contacted the HSI UCs in order to obtain the Intersil Part for my coconspirators in China. Between October 2, 2017, and January 30, 2018, I attempted to negotiate the sale of 50 units of the Intersil Part and have those units sent from the United States to China.

During my negotiations with the HSI UCs, they advised me on multiple occasions that the Intersil Part required an export license for export to China. On November 2, 2017, I spoke with the HSI UCs via a Skype audio call. During the call, I offered to pay a "risk" fee if the HSI UCs would export the parts without obtaining the required export license. The last communication I had with the HSI UCs about the Intersil Part was on January 30, 2018.

b.  The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant

to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

This agreement has been read to me in Mandarin, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional

agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_3/27/2019_  _Tao Li_
Date        TAO LI
            Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or had translated this agreement from English into Mandarin to the defendant on the __27__ day of __MARCH__, 2019.

__3/27/2019__
Date

GREGORY BARTOLOMEI
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

__4/8/19__
Date

TODD M. ALLISON
DAVID A. PIMSNER
Assistant United States Attorneys

## ACCEPTANCE BY THE COURT

__Oct 16, 2019__
Date

HONORABLE DIANE J. HUMETEWA
United States District Judge

- 12 -

# EXHIBIT A



**United States Department of Justice**

**United States Attorney's Office
Central District of California**

---

*Patrick R. Fitzgerald*
*Phone: (213) 894-4591*
*E-mail: Patrick.Fitzgerald@usdoj.gov*

*1500 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*

March 18, 2019

**VIA E-MAIL**

Todd M. Allison
Assistant U.S. Attorney
United States Attorney's Office, District of Arizona
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004

      RE: **Tao Li, District of Arizona, Case No. CR-18-01366-PHX-DJH(MHB)**

Dear Mr. Allison:

      In consideration for defendant Tao Li's plea of guilty to the crime of Conspiracy to Export Items without a License in Violation of the International Emergency Economic Powers Act, in Case No. CR-18-01366-PHX-DJH(MHB), District of Arizona, the United States Attorney's Office for the Central District of California will agree to forego prosecuting the defendant for any charges related to his attempts between June 2016 and March 2017 to illegally purchase and export TriQuint radiation-hardened power amplifiers, bearing part number TGA2573-2, and Intersil radiation-hardened supervisory circuits, bearing part number ISL705ARHQF. The conduct that forms the basis for this agreement of non-prosecution is specifically referenced in the discovery Bates labeled LI00349-LI00376, which was provided to Mr. Li in the District of Arizona.

Respectfully,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division